## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO. 08-465-1** |
| | : | |
| **v.** | : | **CIVIL NO. 12-5597** |
| | : | |
| **DANNY BOND** | : | |

### MEMORANDUM

**Savage, J.**                                                    **August 16, 2021**

Danny Bond, a federal prisoner convicted of unlawful possession of a firearm, has filed a motion under Fed. R. Civ. P. 60(b).[1]  Because the pending motion is an unauthorized second or successive § 2255 motion mislabeled as a Rule 60(b) motion, we shall dismiss it for lack of jurisdiction.

### Background

On February 3, 2009, a jury found Bond guilty of the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He was sentenced to a prison term of 276 months followed by five years of supervised release.[2]  The Third Circuit Court of Appeals rejected his challenge to the denial of his motion to suppress and concluded that he was properly sentenced as an armed career criminal.[3]

On October 2, 2012, Bond filed a timely motion pursuant to 28 U.S.C. § 2255.[4]  On April 29, 2014, after an evidentiary hearing, Judge Dalzell denied the motion and declined

---

[1] Motion Pursuant to Fed. R. Civ. P. 60(b)(5) and 60(b)(6) ("Rule 60(b) Motion") (ECF No. 117).

[2] May 27, 2009 Judgment in a Criminal Case ("Judgment") (ECF No. 65).  The late Judge Stewart Dalzell presided over the trial and sentenced Bond.

[3] Opinion, *United States v. Bond*, No. 09-2618 (3d Cir. June 14, 2011).

[4] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 89) and Oct. 8, 2013 Order (ECF No. 91).   Bond withdrew his initial § 2255 motion to

to issue a certificate of appealability.[5]  The Third Circuit denied Bond's request for a certificate of appealability on April 29, 2015.[6]  Bond subsequently filed with the Third Circuit an application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) and § 2255, contending he was entitled to relief pursuant to *Johnson v. United States*, 576 U.S. 591 (2015).  On July 28, 2016, the Third Circuit denied his application.[7]

In his most recent motion filed on June 22, 2020, Bond seeks relief pursuant to Rule 60(b).[8]  He asserts that he is entitled to *vacatur* of his conviction and sentence pursuant to *Rehaif v. United States*.  In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."  139 S. Ct. 2191, 2200 (2019).  Bond claims that the government failed to prove that he had known he was prohibited from possessing a firearm as required by *Rehaif*.[9]  The government argues that Bond's motion is actually a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 that must be pursued in the Western District of Pennsylvania, and that this Court

---

file a more inclusive motion.  *See* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 82); May 1, 2013 Order (ECF No. 87); and May 2013 Ltr. from Danny Bond (ECF No. 88).

[5] March 26, 2014 Order (ECF No. 101); April 29, 2014 Order (ECF No. 106).

[6] Order, *United States v. Bond*, No. 14-2676 (3d Cir. Apr. 29, 2015).

[7] *In re: Bond*, No. 16-3006 (3d Cir. Aug. 3, 2016).

[8] Rule 60(b) Motion.

[9] Rule 60(b) Motion at 2, 10, 13.

lacks jurisdiction to consider Bond's motion because it is a second or successive *habeas* petition that was not authorized by the Third Circuit.[10]

## Analysis

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") "second or successive petition" rule, a prisoner may not file a *habeas* petition after a previously filed one attacking the same conviction was decided on the merits.  28 U.S.C. § 2244(b)(1).[11] If the petitioner seeks to present a new claim in a second or successive petition, he must receive permission from the court of appeals to file the petition.   28 U.S.C. § 2244(b)(3)(A).  Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition.  *Id.*; *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).

Whether labeled a *habeas* petition or a Rule 60 motion, a motion that makes a claim on the merits attacking the same conviction and/or sentence that was challenged in a previous *habeas* petition is a "second or successive" *habeas* petition.  *Gonzalez*, 545 U.S. at 532, 538.  A motion for relief from judgment that does not assert or reassert claims of error in the movant's state-court conviction, but challenges only the district court's failure to reach the merits of a prior *habeas* petition is not a second or successive *habeas* petition.  *Id.* at 538; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

A petitioner cannot circumvent the "second or successive" petition bar by presenting new claims for relief that couch his petition in the language of a Rule 60(b)

---

[10] Government's Response in Opposition to Defendant's Motion Under Rule 60(b) of the Federal Rules of Civil Procedure ("Govt. Resp.") (ECF No. 119).

[11] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).

motion.  The *Gonzalez* Court characterized such a maneuver as an impermissible effort to bypass AEDPA's requirement that new claims be dismissed unless they are based on "newly discovered facts" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Gonzalez*, 545 U.S. at 531-32 (citing 28 U.S.C. § 2244(b)(2)); *see also Blystone v. Horn*, 664 F.3d 397, 411 (3d Cir. 2011).

When a motion is filed in a *habeas* case under a Rule 60(b) or 60(d) label, the district court must initially determine whether the motion is a "second or successive" *habeas* petition within the meaning of § 2244(b).  *Id*. at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *Sharpe v. United States,* Crim. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010).  If it is not a "second or successive" petition, no authorization from the court of appeals is required.  Thus, we must determine whether Bond's motion is a true Rule 60 motion or, as the government contends, an impermissible successive *habeas* petition.

Bond does not attack the integrity of his previous *habeas* proceeding.  He is raising a new ground based on the Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019).[12]  He claims that at his trial the Government did not prove that he knew he was prohibited from possessing a firearm as *Rehaif* requires. In short, he is asserting a new ground challenging his conviction and sentence.  Thus, Bond's motion is actually a second or successive § 2255 motion requiring authorization to file it from the Third Circuit Court of Appeals.

---

[12] *Rehaif* did not state a rule of constitutional law.  *See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020).  Accordingly, it cannot support a claim that it was a new rule of constitutional law that was made retroactive on collateral review by the Supreme Court.

Because Bond does not have permission to file a § 2255 motion, we do not have jurisdiction to entertain it.  Therefore, we shall dismiss it for lack of jurisdiction.